**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID R. SMITH, | No. 18-15132 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-02376-EJD |
| v. | |
| COUNTY OF SANTA CRUZ; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted July 10, 2018[**]

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

David R. Smith appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action arising from a special assessment lien. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of res judicata. *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1022, 1025 (9th Cir. 2005). We affirm.

The district court properly dismissed Smith's action as barred by the doctrine of res judicata because Smith's claims could have been raised in a prior state court action that involved the same primary rights and parties, and resulted in a final judgment on the merits. *See Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148-49 (9th Cir. 2010) (setting forth elements of res judicata under California law); *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 24 Cal. Rptr. 3d 543, 557 (Ct. App. 2004) ("Res judicata bars the litigation not only of issues that were actually litigated but also issues that could have been litigated.").

The district court did not abuse its discretion by denying Smith leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

**AFFIRMED.**